UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| ALBERT JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:06-cv-64 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| PATRICK GORDON et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and ordered Plaintiff to pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

      I.      Factual Allegations

Plaintiff is presently incarcerated at the West Shoreline Correctional Facility. He complains of an incident that occurred when he was housed at the Pugsley Correctional Facility. In his *pro se* complaint, he sues Pugsley Food Steward Patrick Gordon, Food Director Michael Burgess, and Prison Affairs Manager James Armstrong.

Plaintiff alleges that on September 6, 2004, while Plaintiff was in the food service line, Defendant Gordon inappropriately pressed his body against the Plaintiff's body from behind. He claims that Defendant Armstrong allowed the incident to take place and twice denied his grievance on the issue. He further claims that Defendant Burgess failed to report the incident to prison officials, conspired[1] to conceal it, and allowed a prison employee[2] to retaliate against Plaintiff for filing a grievance against Gordon. For relief, Plaintiff requests $2.5 million in damages for sexual harassment and abuse, including emotional injuries; $2.5 million in punitive damages; and reimbursement of $185,000 for victim sexual abuse counseling.

---

[1] Although he alleges Burgess "conspired" to cover up the incident, Plaintiff does not allege a conspiracy to violate a federal constitutional right in violation of 28 U.S.C. § 1985, nor does he allege a violation of Michigan law.

[2] It is not clear from Plaintiff's complaint whether the employee to which he refers is Defendant Gordon or another prison employee.

II.     Failure to State a Claim[3]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Even reviewing Plaintiff's *pro se* complaint indulgently and assuming he intends to raise an Eighth Amendment claim under § 1983, *see Haines,* 404 U.S. at 520, the incident he describes during which Defendant Gordon placed his body against Plaintiff's in the food service line, while inappropriate if true, does not entail a violation of the Eighth Amendment. The Eighth Amendment's proscription against cruel and unusual punishment forbids the unnecessary and wanton infliction of pain. *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The objective component of an Eighth Amendment claim requires that the pain be serious. *Id.* at 8-9. Although severe or

---

[3] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Chuner*, 532 U.S. 731 (2001). Plaintiff fails to allege or show that he properly grieved the three Defendants he names here on the specific issue of which he complains. Although Plaintiff attaches documents detailing his use of Steps II and III of the prison grievance process, he neither attaches nor refers to his Step I grievance, which is integral to the exhaustion requirement. Therefore, it appears that Plaintiff has not satisfied the exhaustion requirement. However, the Court need not first require exhaustion of available administrative remedies when a claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998). Because the Court finds that Plaintiff fails to state a claim upon which relief can be granted, it need not require Plaintiff to exhaust administrative remedies.

repetitive sexual abuse certainly could qualify under this standard, a single incident of objectionable sexual touching does not meet the objective component of an Eighth Amendment claim. Numerous circuit court decisions, including unpublished opinions of the Sixth Circuit, have held that such allegations are insufficient to state an Eighth Amendment claim. *See*, *e.g.*, *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *accord, Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

Plaintiff's allegations that Defendant Armstrong denied his grievance and "allowed" the September 6, 2004 incident to occur also fail to state a claim. An alleged constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of*

*Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to demonstrate that Defendant Armstrong engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

Plaintiff's allegations that Defendant Burgess failed to report the September 6, 2004 incident to prison officials, conspired to conceal it, and "allowed" a prison employee to "retaliate" against Plaintiff for grieving Defendant Gordon, likewise fail to state a claim. As set forth above, an alleged constitutional violation must be based upon active unconstitutional behavior, not a mere failure to report an alleged incident. *Greene,* 310 F.3d at 899. Supervisory liability may not be based upon the mere failure to act. *Id.*; *Summer,* 368 F.3d at 888. Plaintiff furthermore sets forth no facts to support his allegation that Burgess "conspired" to conceal the incident. A prisoner plaintiff must set forth some factual basis for such claims in his complaint. *Dellis v. Corr. Corp. Of Am.,* 257 F.3d 508, 511 (6th Cir. 2001); *Smith v. Rose,* 760 F.2d 102, 106 (6th Cir. 1985). *See also Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). As to Plaintiff's retaliation claim, "alleging merely the ultimate fact of retaliation is insufficient" to state a claim. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir.

Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has alleged no facts to support his conclusion that an unnamed employee at Pugsley retaliated against him for grieving Defendant Gordon. Accordingly, his speculative allegation fails to state a claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:      May 9, 2006              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE